UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr., # 200273,<br>*aka Malik Al-Shabazz*,<br><br>                    Petitioner,<br><br>vs.<br><br>Levern Cohen, *Warden of Ridgeland Correctional Institution*,<br><br>                    Respondent. | **C/A No. 8:10-0523-DCN-BHH**<br><br><br><br><br><br>**Report and Recommendation** |

## *Background of this Case*

The petitioner is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections (SCDC). The South Carolina Department of Corrections website indicates that the petitioner is serving a thirteen-year sentence for assault with intent to kill. The petitioner's conviction was entered in the Court of General Sessions for Chesterfield County.

In the above-captioned case, the petitioner has brought suit, pursuant to 28 U.S.C. § 2241, to challenge "the Catagory [*sic*] of Misdemeanor and Felonies[.]" (Petition at page 1). The petitioner is contending that his offense (assault with intent to kill) should not be classified as a level 4 offense by the SCDC. The petitioner filed a grievance about the matter. The petitioner appears to be quoting a response to his grievance:

1

> Your concern has been reviewed. It appears you are misinformed. Although your offense is classified as non-violent within the SCDC it is a category 4 offense. Your record is correct and will not be altered.

(Petition, at page 7).

The petitioner indicates that, because the SCDC classifies his sentence for assault with intent to kill (AWIK) as a level 4 offense, it is being treated the "same as" the violent offense of assault and battery with intent to kill (ABWIK), which is also a level 4 offense. The petitioner also alleges that this classification is adversely affecting his "right" to a better custody level, work release, work credits, good time, and his parole eligibility date. In effect, the petitioner is seeking a court order directing the SCDC to classify his offense as a level 2 offense.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); and *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases), *affirmed*, 887 F.2d 1080 (4th Cir. 1989)[Table]. In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless*

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 & n.1 (4th Cir. 1984) (collecting cases).

It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, the order of the Honorable Henry M. Herlong, Jr., United States District Judge, in *Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992), *citing Meachum v. Fano*, 427 U.S. 215 (1976). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978). In fact, it is well settled that the placement of inmates into administrative segregation units or similar units is a valid of means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D. Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.");[3] *Anderson v. County of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995) (prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"); and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due

---

[3] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding in *Hewitt v. Helms* has not been superannuated by later case law.

Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). Hence, the classification of the plaintiff's offense as a level 4 offense for SCDC classification purposes, did not violate his federal constitutional rights.

Moreover, the one ground raised by the petitioner — whether the offense of assault with intent to kill (AWIK) is a level 2 or level 4 offense for SCDC classification purposes — is a ground obviously based solely on South Carolina law. *See Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960); *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976); and *Wright v. Angelone*, 151 F.3d 151, 156-58 (4th Cir. 1998), which hold that state law issues are not valid grounds for federal habeas corpus relief. *See also Robinson v. Cross*, 121 F. Supp. 2d 882, 884-85 (E.D. Va. 2000).

The petitioner's claims have already been addressed by this court. In *Lisenby v. Cohen*, Civil Action No. 8:09-3164-DCN-BHH, the petitioner brought a Section 2241 action to challenge the classification of his offense. In a Report and Recommendation filed in Civil Action No. 8:09-3164-DCN-BHH on January 11, 2010, the undersigned recommended summary dismissal of the petition. The petitioner was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On February 9, 2010, the Honorable David C. Norton, Chief Judge, adopted the Report and Recommendation.

This court may take judicial notice of Civil Action No. 8:09-3164-DCN-BHH. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v.*

*Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal for the same reasons Civil Action No. 8:09-3164-DCN-BHH was subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file an answer or return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal.,

6

March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

                                                        s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

March 10, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).